OPINION
{¶ 1} Walter G. McMahan appeals from a judgment of the Montgomery County Court *Page 2 
of Common Pleas, which granted summary judgment on McMahan's intentional tort claim in favor of his employer, Lewis Michael, Inc.
 {¶ 2} On February 9, 1996, McMahan was repairing a truck transmission in the course of his employment with Lewis Michael. The transmission was supported by a jack while McMahan was working on it underneath the truck. The transmission slipped and eventually fell, severing several of McMahan's fingers.
 {¶ 3} On April 5, 2005, McMahan filed a complaint against Lewis 
Michael seeking damages for an intentional tort and personal injuries. On January 20, 2006, Lewis Michael moved for summary judgment. McMahan filed a memorandum in opposition to the motion for summary judgment, to which he attached his own affidavit. Lewis Michael subsequently moved to strike this affidavit. On June 18, 2007, the trial court granted in part Lewis and Michael's motion to strike the affidavit and granted its motion for summary judgment.
 {¶ 4} McMahan raises two assignments of error on appeal.
 {¶ 5} I. "THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF WALTER McMAHAN'S AFFIDAVIT WHEN AN EXPLANANTION FOR THE APPARENT INCONSISTENCY WITH HIS DEPOSITION TESTIMONY WAS PROVIDED."
 {¶ 6} McMahan claims that the trial court erred in striking two statements from his affidavit because they conflicted with his deposition testimony.
 {¶ 7} The first statement related to McMahan's training. In his deposition, McMahan stated his supervisor, Bruce Pitts, had taught him a lot during his employment and that he went to Pitts with any questions he had about work projects. In the affidavit submitted in opposition *Page 3 
to the motion for summary judgment, McMahan asserted that he had received "no training from his supervisor or any other employee of Lewis Michael" on how to work on trucks or perform his job safely. The court found these statements to be inconsistent and struck the statement in the affidavit. Having thoroughly reviewed MaMahan's deposition and affidavit, we conclude that the court did not err in striking the statement in McMahan's affidavit because it contradicts his deposition testimony.
 {¶ 8} The second stricken statement related to Bruce Pitts' location at the time of the accident. In his affidavit, McMahan stated that Pitts had been in no danger at the time of the accident, i.e., he was on the other side of the truck and his body was not under the transmission. In his deposition, however, McMahan had stated that he could not see Pitts while he was working on the transmission. He also stated, at a later point, that he (McMahan) had been "under the truck long before [Pitts] even got under it," which suggested that Pitts was under the truck at some point. The court found these statements to be inconsistent and struck the statement in the affidavit. In our view, these statements are not inconsistent. However, whether Pitts was himself in danger at the time of the accident is not pertinent to the central issues in the case. Thus, the error was not prejudicial.
 {¶ 9} The first assignment of error is overruled.
 {¶ 10} II. "THE TRIAL COURT ERRED IN GRANTING DEFENDANT SUMMARY JUDGMENT IN THAT THERE ARE MATERIAL ISSUES OF FACT CONCERNING THE EXISTENCE OF THE ELEMENTS OF A DANGEROUS CONDITION, THAT INJURY WAS SUBSTANTIALLY CERTAIN AND THAT THE EMPLOYER REQUIRED DEFENDANT [SIC] TO PERFORM THE DANGEROUS WORK." *Page 4 
 {¶ 11} McMahan claims that he had created a genuine issue of material fact on each element of an employer intentional tort claim and that summary judgment was inappropriate.
 {¶ 12} In order to prove an employer intentional tort, an employee must meet the three-part test set forth by the Ohio Supreme Court inFyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. TheFyffe test requires a person alleging an employer intentional tort to demonstrate the following: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Id. at 118.
 {¶ 13} With this standard in mind, we turn to the issue of whether the trial court erred by granting summary judgment in favor of Lewis 
Michael. "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club,Inc. (1998), 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201.
 {¶ 14} The trial court found that McMahan had failed to establish any of the prongs of the Fyffe test.
 {¶ 15} With respect to the first prong of the Fyffe test, i.e., whether Lewis Michael had been aware of a dangerous condition within its operation, McMahan presented sufficient *Page 5 
evidence to survive summary judgment. McMahan claimed to have objected to the purchase of the jack that he was using at the time of the accident on the basis that it was not designed for the type of transmissions Lewis Michael worked on and to have predicted that someone was going to get killed or hurt. He further asserted that Pitts had acknowledged this risk. Pitts' testimony refuted these claims. Although a trier of fact might not choose to credit McMahan's testimony because of his limited knowledge of and experience with transmissions, McMahan was entitled to have the evidence construed most strongly in his favor for purposes of summary judgment. Civ. R. 56(C). Thus, McMahan satisfied the first prong of the Fyffe test.
 {¶ 16} The issue then becomes whether Lewis Michael had knowledge that engaging in this dangerous process was substantially certain to cause harm to McMahan. This second element is crucial to distinguish between intentional torts and accidents intended to be covered solely by workers' compensation laws. Reno v. Concrete Coring, Inc., Montgomery App. No. 20650, 2005-Ohio-3062, citing Thompson v. Monarch MarkingSystems, Inc. (Apr. 26, 1995), Montgomery App. No 14695. In order to withstand Lewis Michael's motion for summary judgment, McMahan had to produce evidence that created a genuine issue of material fact that Lewis Michael was substantially certain he would be injured.
 {¶ 17} Substantial certainty of harm requires much greater proof than negligence or recklessness. Van Fossen v. Babcock Wilcox Co.,36 Ohio St.3d 100, 117, 522 N.E.2d 489. The supreme court in Fyffe andVan Fossen explained the proof required as a progression beginning with negligence and culminating with the extreme proof required for substantial certainty. In this regard, the supreme court stated:
 {¶ 18} "Where the employer acts despite his knowledge of some risk, his conduct may *Page 6 
be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Fyffe, 59 Ohio St.3d at paragraph two of the syllabus, citing Van Fossen, 36 Ohio St.3d at paragraph six of the syllabus.
 {¶ 19} In other words, simply knowing that the employee is at risk is insufficient; the employer must be virtually certain the employee will be injured. Spates v. Richard E. Jones Assoc. (July 12, 1995), Montgomery App. No. 15057, citing Van Fossen, 36 Ohio St.3d at 116.
 {¶ 20} We agree with the trial court that McMahan failed to establish the second prong of the Fyffe test. McMahan relied on Pitts' alleged acknowledgment of risk associated with the use of the jack to establish the substantial certainty of injury. However, an acknowledgment of a risk of serious injury is insufficient to show a substantial certainty of injury.
 {¶ 21} Pitts stated in his deposition that the jack was designed to support 2,000 pounds and that most truck transmissions weigh 1,500 to 1,600 pounds. Moreover, both sides presented evidence that Pitts used the jack without incident before and after McMahan's accident, subjecting himself to the same peril. It was undisputed that the transmission rested on the jack for several days before McMahan suffered his injury. Further, McMahan's own expert stated that the stability of the placement of the transmission on any jack was very important and that he had no reason to believe that this particular jack was unsafe. Even viewing this evidence in the *Page 7 
light most favorable to McMahan and assuming, for the sake of argument, that Pitts had acknowledged the dangerousness of the task, we cannot conclude that McMahan had created a genuine issue of material fact that his injury was substantially certain to occur.
 {¶ 22} Having found that McMahan failed to establish the second prong of the Fyffe test, we need not consider the third prong. The second assignment of error is overruled.
 {¶ 23} The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
 Hon. Barbara P. Gorman *Page 1